**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

UNITED STATES OF AMERICA     CRIMINAL ACTION NO. 07-50097-01

VERSUS     JUDGE S. MAURICE HICKS, JR.

MICHAEL WALKER     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is a Motion Under Rule 38(c) of Federal Rules of Criminal Procedure to Stay Sentence to Pay Fine (Record Document 229) filed by the defendant, Michael Walker ("Walker"). The October 2, 2008 criminal judgment in this matter ordered Walker to pay a lump sum of $250,000.00. See Record Document 215 at 6. The Court provided special instructions regarding the payment of the fine:

> A fine in the amount of $250,000.00 is ordered to be paid to the U.S. Clerk of court and is due and payable immediately . . . .
>
> . . .
>
> The defendant is ordered to liquidate all equity contained in the properties listed in the [Presentence Investigation Report], Curtis Lane and Alabama Street, Shreveport, Louisiana, valued at approximately $48,000.00 and $8,900.00, respectively, to be attributed to the financial obligations ordered, within 30 days of the date of this Judgment.
>
> The defendant is ordered to liquidate the cash value of the two life insurance policies listed in the [Presentence Investigation Report], Allstate Life Insurance and Texas Life Insurance, valued at approximately $3,000.00 and $1,000.00, respectively, to be attributed to the financial obligations ordered, within 30 days of the date of this Judgment.

Id. Walker now seeks "a stay execution of his sentence insofar as it involves the seizure and sale of his assets, pending appeal." Id. at 2. Walker contends that "the necessary seizure and sale of assets—specifically, but not limited to, [his] home and life insurance policies—in order to satisfy, or partially satisfy, the fine imposed in this case will be

irreparable should [he] prevail in having his conviction and/or sentence overturned on appeal." Record Document 229-2 at 1. Walker requests a stay and suggests alternatives to protect the United States from potential loss if he does not prevail in his appeal:

> The Court could order that Walker's assets not be dissipated, place a lien against Walker's home for the amount of the fine (thus insuring that it is not sold without payment to the Court) and order that Walker surrender his life insurance policies to the registry of the Court (thus they could not be sold without the Court's consent).

Id. at 1, 3.

The instant motion is governed by Federal Rule of Criminal Procedure 38 and Title 18, United States Code, Section 3572. Rule 38(c) provides:

> If the defendant appeals, the district court, or the court of appeals under Federal Rule of Appellate Procedure 8, may stay a sentence to pay a fine or a fine and costs. The court may stay the sentence on any terms considered appropriate and may require the defendant to:
>
> (1) deposit all or part of the fine and costs into the district court's registry pending appeal;
>
> (2) post a bond to pay the fine and costs; **or**
>
> (3) submit to an examination concerning the defendant's assets and, if appropriate, order the defendant to refrain from dissipating assets.

F.R.Cr.P. 38(c)(emphasis added).[1] Section 3572(g) provides:

---

[1] On October 9, 2008, the Court extended the time for Walker to file his notice of appeal until November 14, 2008. See Record Document 223. Walker filed the instant motion to stay and a notice of appeal on October 21, 2008. See Record Documents 229 & 230.
   The filing of the notice of appeal on October 21, 2008 does not divest this Court of jurisdiction to consider and rule on the pending motion to stay. The plain language of Rule 38(c) supports such finding, as it provides that "***if the defendant appeals***, the district court, or the court of appeals under Federal Rule of Appellate Procedure 8, may stay a sentence to pay a fine or a fine and costs." F.R.Cr.P. 38(c)(emphasis added). Thus, Rule 38(c) is not triggered until the defendant appeals. Further, Federal Rule of Appellate Procedure

> If a sentence imposing a fine is stayed, the court shall, absent exceptional circumstances (as determined by the court) –
>
> > (1) require the defendant to deposit, in the registry of the district court, any amount of the fine that is due;
> >
> > (2) require the defendant to provide a bond or other security to ensure payment of the fine; **or**
> >
> > (3) restrain the defendant from transferring or dissipating assets.

18 U.S.C. § 3572(g) (emphasis added).

An examination of Walker's assets is set forth in the Presentence Investigation Report. Walker has equity in two Shreveport residences, one on Curtis Lane and another on Alabama Street. He also has equity in two life insurances policies. While the Presentence Investigation Report does not contain specific information as to Walker's retirement, the Court has been advised by the United States Probation Office that Walker submitted his paperwork for retirement to the Louisiana State Employees' Retirement System. Walker will receive monthly retirement or annuity income during his incarceration.

Considering the motion filed by Walker and the particular circumstances of this case, the Court will exercise its discretion under Rule 38(c) and Section 3572(g) and enter a partial stay of execution as to Walker's fine pending appeals. The Court hereby **STAYS** its order for Walker to liquidate all equity contained in the Curtis Lane and Alabama Street properties and its order to liquidate the cash value of the two life insurance policies listed in the Presentence Investigation Report. In reaching this decision, the Court considered the potential for irreparable injury should Walker prevail in his appeals, particularly his

---

8(a) states that a party must ordinarily move first in the district court for a stay of judgment or order of a district court pending appeal. See F.R.A.P. 8(a).

ability to purchase new life insurance considering his chronic medical problems and his ability to purchase comparable homes in comparable neighborhoods at comparable prices. Walker is **ORDERED** to refrain from transferring or dissipating any of his assets, regardless of whether such assets were specifically identified in the Presentence Investigation Report. This order includes ensuring that the Curtis Lane and Alabama Street properties are maintained during the pendency of the appeals, such that their value does not decrease due to neglect. Walker is further **ORDERED** to immediately surrender the Allstate Life Insurance Policy and the Texas Life Insurance Policy to the registry of the Court.

Notwithstanding this partial stay order, the Court declines to stay execution of Walker's fine as to any monthly retirement or annuity income. The United States Probation Office has advised the Court that Walker submitted his paperwork for retirement to the Louisiana State Employees' Retirement System and will receive monthly retirement or annuity income, even while incarcerated. Accordingly, the Government is permitted to proceed with garnishment and/or seizure of Walker's monthly retirement or annuity income from the Louisiana State Employees' Retirement System.

Thus, in accordance with the rulings set forth above,

**IT IS ORDERED** that the Motion Under Rule 38(c) of Federal Rules of Criminal Procedure to Stay Sentence to Pay Fine (Record Document 229) be and is hereby **GRANTED IN PART AND DENIED IN PART**.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, on this the 31st day of October, 2008.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE